IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID A. SELL,

                Petitioner,                ORDER

   v.

                                       09-cv-704-bbc

ANA BOATWRIGHT, Warden,
New Lisbon Correctional Institution,

                Respondent.

---

     David Sell, an inmate at the New Lisbon Correctional Institution, has filed what appears to be an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He requests leave to proceed in forma pauperis. Although petitioner has supported his request with an affidavit of indigency, I cannot determine whether petitioner is indigent for the purpose of filing a § 2254 petition until he submits a trust fund account statement for the six-month period immediately preceding the filing of his habeas corpus petition. See Longbehn v. U.S., 169 F.3d 1082 (7th Cir. 1999). Petitioner has submitted only a monthly child support statement. What he needs is a six-month trust account statement from the institution.

     Once petitioner submits his trust fund account statement, this court will calculate petitioner's average monthly deposits and his average monthly balances for the six-month period mentioned above. If 20% of the greater of these two figures is $5 or more, he will not be eligible for indigent status and will have to prepay all of the $5 filing fee. If 20% of the greater of these two figures is less than $5, he will be required to prepay whatever portion less than $5 has been calculated.

Now that petitioner is aware of the formula this court uses in determining whether a prisoner is indigent for the purpose of paying a $5 filing fee, he may be able to figure easily whether he qualifies. If he knows that he will not qualify for indigent status, he may elect to submit a check or money order made payable to the clerk of court in the amount of $5 in lieu of the six-month statement requested above. In any event, petitioner should act quickly. If, by December 15, 2009, petitioner does not submit either the $5 payment or a trust fund account statement for the last six months, his request for leave to proceed in forma pauperis will be denied and this action will be closed.

In addition, the petition is difficult to understand and hard to read. Accordingly, a blank § 2254 form is being mailed to petitioner with this order. Petitioner should complete it and return it with his trust account statement or his filing fee.

The court will take no further action on the petition until petitioner: 1) submits a six-month trust account statement from the institution or pays the filing fee; and 2) submits a new, legible petition on the form provided. If petitioner fails to make these submissions on or before December 15, 2009, the court will dismiss the petition for failure to prosecute.

Entered this 23rd day of November, 2009.

                              BY THE COURT:

                              /s/

                              STEPHEN L. CROCKER
                              Magistrate Judge