IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID A. SELL,

                Petitioner,                      ORDER

v.

                                          09-cv-704-bbc

ANA BOATWRIGHT, Warden,
New Lisbon Correctional Institution,

                Respondent.

---

David A. Sell, an inmate at the New Lisbon Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Because the petition includes claims that are unexhausted, I am not ordering the state to respond at this time. Instead, I am directing petitioner to inform the court whether he wishes to delete his unexhausted claims and proceed solely on the single claim that he exhausted in the Wisconsin courts, or whether the court should dismiss his entire petition without prejudice so that he may return to state court with his unexhausted claims.

Petitioner is in custody serving prison sentences for two judgments of conviction entered on November 27, 2007 in the Circuit Court for Manitowoc County. Petitioner's convictions were consolidated on appeal and were the subject of the Wisconsin Court of Appeals' decision in *State v. Sell*, 2009 WI App 110, 2009 WL 1606763 (June 10, 2009)(unpublished opinion). I have drawn most of the facts set out below from that opinion.

BACKGROUND

In Manitowoc County case 07-CF-85, petitioner was convicted of one count of possession with intent to deliver THC; in case 07-CF-179, he was convicted of one count each of delivery of THC and felony bail jumping. Petitioner entered no contest pleas to the charges pursuant to a plea agreement with the state in which it agreed to dismiss some additional charges and recommend certain sentences on the charges of conviction. The court accepted the plea agreement and imposed a total sentence less than the state had recommended.

After sentencing, petitioner filed a post-conviction motion to withdraw his pleas. Through his lawyer, petitioner argued that the state's agreement to recommend a 12-year bifurcated sentence for the possession charge in 07-CF-85 was illegal because petitioner's maximum exposure for that charge was only 10 years. Therefore, petitioner argued, the entire joint plea agreement was invalid because it was founded on a legal impossibility. Sell also contended that his trial lawyer was ineffective for failing to object to the illegal plea agreement and to timely and fully advise him regarding the state's offer.

The trial court denied petitioner's motion. On appeal, the court of appeals agreed that there was no basis to allow petitioner to withdraw his plea. Although the appellate court agreed that the state's 12-year recommendation exceeded the 10-year statutory maximum, it noted that the recommendation was made as part of a global agreement encompassing other charges, the trial court had recognized that a 12-year sentence could not be imposed solely on the possession of THC charge, the court had raised the issue with the parties and the prosecutor, defense counsel and Sell all confirmed that they understood that the state would be recommending a maximum of 12 years with a maximum of 7 years initial confinement. *Sell*, 2009 WI App 110

at ¶¶8-14. Accordingly, the court of appeals was satisfied that Sell understood his plea when he entered it and that no grounds for withdrawal existed. *Id*. at ¶15. The appellate court did not address Sell's claim of ineffective assistance of counsel, finding that he had abandoned it on appeal. *Id*. at n.3. The Wisconsin Supreme Court denied Sell's petition for review on November 4, 2009.

On November 17, 2009, Sell filed in this court a handwritten document that this court understood to be a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the document, Sell referred to Manitowoc County case 07-CF-179, alleging misconduct on the part of the county's metro drug unit. In response to an order from this court, Sell submitted a new petition on the court's standard § 2254 form, in which he again referred solely to case 07-CF-179. Those two documents are now before the court for preliminary review.

## DISCUSSION

Reading Sell's initial submission together with the completed petition, I understand him to be raising the following challenges to his conviction in 07-CF-179:

> 1) Sell's trial lawyer was ineffective because he "failed to object or otherwise advise Sell against entering into the illegal plea agreement, as described in the first claim for relief," failed to advise Sell correctly about the applicable maximum penalties and failed to communicate to Sell the state's offer to recommend an "overall agg[r]egate sentence" of 3 years' in, 3 years' out;[1]
>
> 2) Sell's plea of no contest to the charge of delivering not more than 200 grams is invalid because "it was the product of a plea agreement under which the state was bound to recommend an illegal and excessive sentence," Sell "did not understand the potential punishment" and his lawyer "would not help" him; and
>
> 3) Sell's trial lawyer was ineffective for failing to pursue a defense of entrapment.

---

[1] I have combined elements of grounds 1and 3 of the petition in setting out this claim.

A federal court may grant a writ of habeas corpus only if the petitioner shows that he is in custody in violation of the laws or treaties or Constitution of the United States. 28 U.S.C. § 2254. In addition, a state prisoner seeking habeas relief from the federal court must first "exhaust[ ] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Principles of comity require that the habeas petitioner present his federal constitutional claims initially to the state courts in order to give the state the "'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted)). Claims are exhausted when they have been presented to the highest state court for a ruling on the merits of the claims or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 1570 n. 28 (1982); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."). The Supreme Court has interpreted the exhaustion requirement as imposing a rule of "total exhaustion," that is, that *all* claims in the petition must be exhausted before a federal court may rule on the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Petitioner has stated his claims in conclusory terms and supported them with very few facts, making it difficult to discern whether any of the claims has been exhausted in state court. Nevertheless, for preliminary review purposes, I have assumed that petitioner's second claim is the same claim of legal impossibility that he exhausted in the state courts and that his claim of ineffective assistance of counsel set forth in claim 1 is the same claim he raised in his state court post-conviction motion but abandoned on direct appeal. With respect to his claim that his

lawyer should have defended the charge in 07-CF-179 on grounds of entrapment, it appears that petitioner never presented that claim to any state court. This means that claim 2 is the only claim that petitioner exhausted by pursuing "one complete round of the State's established appellate review process." The question is thus whether petitioner still has avenues of relief with respect to claims 1 and 3 that he can pursue in the state courts.

Like the federal courts, Wisconsin has a procedure by which a defendant can challenge his sentence after he has completed his direct appeal. Wis. Stat. § 974.06(1), permits a defendant to challenge a sentence "upon the ground that the sentence was imposed in violation of the U.S. Constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack" after the time for seeking a direct appeal or other post-conviction remedy has expired. Section 974.06(4) limits the use of this post-conviction procedure, however, in the following manner:

> All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

Under this section, a petitioner is procedurally barred from raising claims in a post-conviction motion that he could have raised on direct appeal unless he has a "sufficient reason" for not raising the issue on direct appeal. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157, 164 (1994). Newly discovered evidence or the unforeseen effect of subsequent

lawyer should have defended the charge in 07-CF-179 on grounds of entrapment, it appears that petitioner never presented that claim to any state court. This means that claim 2 is the only claim that petitioner exhausted by pursuing "one complete round of the State's established appellate review process." The question is thus whether petitioner still has avenues of relief with respect to claims 1 and 3 that he can pursue in the state courts.

Like the federal courts, Wisconsin has a procedure by which a defendant can challenge his sentence after he has completed his direct appeal. Wis. Stat. § 974.06(1), permits a defendant to challenge a sentence "upon the ground that the sentence was imposed in violation of the U.S. Constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack" after the time for seeking a direct appeal or other post-conviction remedy has expired. Section 974.06(4) limits the use of this post-conviction procedure, however, in the following manner:

> All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

Under this section, a petitioner is procedurally barred from raising claims in a post-conviction motion that he could have raised on direct appeal unless he has a "sufficient reason" for not raising the issue on direct appeal. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157, 164 (1994). Newly discovered evidence or the unforeseen effect of subsequent

law may provide such a sufficient reason. *See id*. at 182 n. 11, 517 N.W.2d at 162. Ineffective assistance of post-conviction counsel may also provide a sufficient reason. *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 682, 556 N.W. 2d 136, 139 (Ct. App. 1996).

Petitioner asserts that the reason he did not raise some of his claims in state court is because his attorney would not bring them up. Pet., dkt.13, ¶13. Construed broadly, this could amount to a claim that petitioner's post-conviction/appellate lawyer, William Schmaal, was ineffective. Petitioner has not yet presented any ineffectiveness of post-conviction counsel claim to the state courts, so it does not appear to be futile to require petitioner to exhaust his state court remedies. Accordingly, because avenues of relief are available to petitioner in the state courts on his claims of ineffective assistance of counsel, claims 1 and 3 are not exhausted.

In *Lundy*, 455 U.S. at 522, the Court indicated that when faced with a "mixed" petition, that is, one presenting both unexhausted and exhausted claims, the district should dismiss it without prejudice to allow the state prisoner to return to the state courts with his unexhausted claims. *Id*. at 522. Alternatively, the petitioner can amend the petition to delete the unexhausted claims. *Id*. at 521.[2] In making this choice, petitioner should understand that presenting his unexhausted claims in the state courts may not be a simple task. In *Rothering,* the court of appeals explained that not all claims of ineffective assistance of post-conviction counsel

---

[2]Although district courts have discretion to stay the petition and place it in abeyance, rather than dismiss it, such discretion is properly exercised only in situations where dismissal is likely to terminate any federal review. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). This case does not present that situation. The Wisconsin Supreme Court denied Sell's petition for review on November 4, 2009, meaning that his one-year period for seeking federal habeas relief began to run on February 2, 2010. *Anderson v. Litscher*, 281 F.3d 672, 674-675 (7th Cir. 2002) (one-year statute of limitations does not begin to run under §2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court). He has ample time in which to complete the state court exhaustion process and return federal to court with a new petition.

should be raised in a § 974.06 motion in the trial court. That forum, explained the court, is reserved for claims alleging that counsel failed to take steps in the trial court that are prerequisites to filing a notice of appeal, for example, by failing to request a post-conviction evidentiary hearing before the trial court. *Id*. at 681, 556 N.W.2d at 139. In contrast, challenges to counsel's briefing and oral argument in the court of appeals, such as a claim that counsel failed to brief meritorious issues (provided those issues were preserved for appeal) should be raised by means of a petition for habeas corpus in the appellate court that heard the appeal. *State v. Knight*, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992). The distinguishing factor is the deficiency alleged. *Id*.

In this case, Schmaal's alleged deficiencies occurred in both forums: 1) in the trial court, he failed to bring a claim of ineffective assistance of trial counsel on the basis of trial counsel's failure to pursue an entrapment defense to the delivery charge; and 2) in the court of appeals, he abandoned the other claims of ineffective assistance of trial counsel that he did raise in the post-conviction motion. Thus, if petitioner decides to pursue his claims in the state courts, he likely will have to bring two separate motions.

Second, petitioner should consider whether his unexhausted claims of ineffective assistance of counsel are likely to succeed on their merits. Entrapment is a very difficult defense to prove and is only weakly supported by the facts he alleges in his submissions. Further, it appears that the defense would have been available only on the delivery charge and not on the charge of possession with intent to deliver, making it questionable whether petitioner would actually have received a lesser overall sentence even if he had gone to trial on the delivery charge. Petitioner should also consider that any post-conviction motion he brings is destined to fail

7

unless he can show that Schmaal failed to exercise professional judgment in choosing the claims to raise in the postconviction and appellate proceedings. *Jones v. Barnes*, 463 U.S. 745, 751 (1983) (appellate lawyer need not raise "every non-frivolous issue under the sun" in order to be effective).

Finally, if petitioner chooses option 2 and decides to proceed solely on his exhausted claim, he should be aware that he will not later be able to bring his unexhausted claims in federal court. In general, a habeas petitioner is allowed only one opportunity to litigate his claims. If he seeks later to bring a federal habeas petition raising claims that he chooses to dismiss now, those claims will be barred. 28 U.S.C. § 2244(b).

If petitioner chooses option 2, then the state will be ordered to respond to the petition. Petitioner's claim that his plea was unknowing and involuntary because it was premised upon a legal impossibility is sufficient to state a cognizable constitutional claim.

ORDER

IT IS ORDERED that petitioner David Sell has until March 9, 2010, in which to submit a letter to the court stating whether this court should dismiss his entire petition without prejudice so that he may return to state court to pursue his unexhausted claims or whether he prefers to delete his unexhausted claims and proceed solely on the legal impossibility claim that he exhausted in the state courts.

Entered this 17th day of February, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge